13-555-cr
*United States v. Choudhury*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31ˢᵗ day of October, two thousand and fourteen.

PRESENT:

> JOHN M. WALKER JR.,
> JOSÉ A. CABRANES,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
> *Appellee,*

> -v.-                                                    No. 13-555-cr

EZAZ KABIR CHOUDHURY,
> *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR DEFENDANT-APPELLANT:**          Mary Anne Wirth, Bleakley Platt & Schmidt, White Plains, NY.

**FOR APPELLEE:**          Rachel Maimin, Michael A. Levy, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a January 16, 2013 judgment of the United States District Court for the Southern District of New York (Kimba M. Wood, *Judge*).

1

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant Ezaz Kabir Choudhury appeals the judgment of the District Court sentencing him principally to a term of 108 months' imprisonment after he pleaded guilty to conspiring to commit credit card fraud, in violation of 18 U.S.C. §§ 1029(b)(2) (Count One), and conspiring to commit bank fraud, in violation of 18 U.S.C. §§ 1344 and 1349 (Count Two). On appeal, defendant contends that the District Court erred in sentencing him above the statutory maximum for Count One and requests a full resentencing.[1] We assume the parties' familiarity with the underlying facts and the procedural history of the case.

## DISCUSSION

As Choudhury concedes that he did not object to his sentence when it was imposed, we review for plain error. Under plain error review, "an appellate court may, in its discretion, correct an error not raised at trial only where the appellant demonstrates that (1) there is an 'error'; (2) the error is 'clear or obvious, rather than subject to reasonable dispute'; (3) the error 'affected the appellant's substantial rights, which in the ordinary case means' it 'affected the outcome of the district court proceedings'; and (4) 'the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Marcus,* 560 U.S. 258, 262 (2010) (quoting *Puckett v. United States,* 556 U.S. 129, 135 (2009)). Generally, to "affect substantial rights," an error must have caused prejudice and affected the outcome of the district court proceedings. *United States v. Olano,* 507 U.S. 725, 734 (1993). On plain error review, "[i]t is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice." *Id.*

There is no dispute that the District Court erred in sentencing Choudhury principally to 108 months imprisonment for Count One, which exceeds the 90-month statutory maximum for that count. However, the properly imposed concurrent sentence of imprisonment for 108 months on Count Two undermines the defendant's claim that the District Court's error affected his "substantial rights." *See United States v. Outen,* 286 F.3d 622, 640 (2d Cir. 2002) ("[A]n erroneous sentence on one count of a multiple-count conviction does not affect substantial rights where the total term of imprisonment remains unaffected[.]"). Thus, the requirements of plain error have not been satisfied and the judgment of the District Court should be affirmed.

---

[1] Both parties agree that, following Choudhury's guilty plea in front of the Magistrate Judge, the District Court failed to formally accept Choudhury's plea. While Choudhury is not challenging his conviction on this basis, we take this opportunity to remind district judges of their responsibility to accept guilty pleas prior to sentencing. *See* Fed. R. Crim. P. 11(c)(4); *see also United States v. Williams*, 23 F.3d 629, 634 (2d Cir. 1994) (allowing plea allocution by magistrate judges but only "[b]ecause the district court remains in control of the proceeding, and the matter is reported to that court for its approval"), *cert. denied*, 513 U.S. 1045.

## CONCLUSION

We have considered all of appellant's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court